```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
GREGORY A. MILLER,                      :
                                        :
                    Plaintiff,          :
                                        :         MEMORANDUM
         - against -                    :         AND ORDER
                                        :         99 CV 4431 (JG)
CITY OF NEW YORK,                       :
                                        :
                    Defendant.          :
---------------------------------------------------------------- X
```

JOHN GLEESON, United States District Judge:

On September 8, 2004, I adopted a Report and Recommendation ("R&R") of Magistrate Judge Viktor V. Pohorelsky over the objections of plaintiff Gregory A. Miller. Pursuant to the R&R, I granted defendant's motion for summary judgment, denied Miller's cross-motion for summary judgment, and declined to exercise supplemental jurisdiction over Miller's state and local law claims. Miller appealed. The United States Court of Appeals for the Second Circuit vacated and remanded my grant of defendant's motion for summary judgment as to Miller's hostile work environment claim. The Court of Appeals otherwise affirmed. After trial, a jury found in favor of defendant. Judgment for defendants was entered on July 20, 2006.

On August 21, 2006, defendant moved the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civ. R. 54.1 for taxation of the cost it incurred to obtain (a) pre-trial hearing transcripts for preparing pre-trial motion papers ($885.15); (b) trial transcripts for preparing cross-examination and closing argument ($2,492.40); and (c) two deposition transcripts of Miller, one for a pre-trial deposition billed at an expedited rate ($1,709.92 for both). The total amount claimed was $5,087.47. Plaintiff filed written objections and, after a telephone conference with the parties, the Clerk assessed costs against Miller for a reduced amount of

$1,659.92. *See* Bill of Costs (docket entry 91). It appears from the Bill of Costs that the Clerk rejected defendant's requests for court transcripts, and reduced the cost of the pre-trial deposition transcript by $50 to subtract certain miscellaneous costs. *See id.* Miller now asks that I review the award of costs, acknowledging that "the Clerk of the Court reduced the costs to reflect the Court's standard guidelines for taxation of costs" but requesting that "no costs be taxed against him." Memorandum of Law in Support of Plaintiff's Motion To Review Taxation of Costs 3. For its part, defendant does not contest the reduction of the costs to $1,659.92, but objects to a wholesale denial of costs. Letter of A. Ali Ayazi 1 n.1 & 3, dated Oct. 18, 2006. For the reasons set forth below, I affirm the Clerk's assessment and order taxation and entry of $1,659.92 in costs against Miller accordingly.

"A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court.") (citations omitted). By its terms, Rule 54(d)(1) awards to the prevailing party costs "as of course," so "[f]or this reason, the losing party has the burden to show that costs should not be imposed." *Whitfield*, 241 F.3d at 270.

Miller argues that I should disallow any taxation of costs because he is unemployed, receives disability benefits, and has children to support. He also contends that his hostile work environment claim presented a novel (and therefore difficult) issue of Title VII law, and that costs would deter poor plaintiffs from prosecuting marginal antidiscrimination claims in

2

court. These arguments have some force. They are, moreover, cognizable reasons to deny costs. *See Whitfield*, 241 F.3d at 270.

I cannot conclude, however, that these arguments are sufficient to deny costs entirely. First, though Miller has shown that he receives disability payments and uses that income in part to provide for a family, he has not shown to my satisfaction an inability to pay the $1,659.92 assessed against him. Second, the Clerk has already stricken the substantial costs of the trial transcripts. Third, while Miller objects to the expedited rate at which his pre-trial deposition was taxed, the deposition transcript was expedited because Miller failed to appear at the first scheduled deposition. I therefore cannot conclude that Miller has met his burden to show that the equities warrant a wholesale denial of costs.

I hereby affirm the Bill of Costs for $1,659.92.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       January 23, 2007